Oscar Stilley Central Mall Plaza Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl., 1983), of the following popular name and ballot title for a proposed amendment to the constitution:
 POPULAR NAME AN AMENDMENT TO ABOLISH THE STATE AND LOCAL SALES AND USE TAX ON USED GOODS, TO PROHIBIT THE INCREASE OF TAXES WITHOUT VOTER APPROVAL AT A GENERAL ELECTION, TO PROVIDE FOR A THREE YEAR STATUTE OF LIMITATIONS FOR ACTIONS TO RECOVER TAXES, BY THE TAXING AUTHORITY OR BY AN AGGRIEVED TAXPAYER, TO PROVIDE PROCEDURAL SAFEGUARDS FOR TAXPAYERS, AND FOR OTHER PURPOSES.
 BALLOT TITLE AN AMENDMENT TO THE ARKANSAS CONSTITUTION ABOLISHING THE STATE AND LOCAL SALES AND USE TAX ON USED GOODS; AUTHORIZING THE COLLECTION OF SALES AND USE TAX ON GOODS USED TO MAKE REMANUFACTURED GOODS, BUT NOT ON THE FULL PRICE OF THE REMANUFACTURED GOODS; PROHIBITING THE IMPOSITION OR INCREASE OF ANY TAX, OR THE DIVERSION OF ANY FUEL TAXES OR OTHER REVENUE SOURCES PRESENTLY USED FOR ROAD OR BRIDGE CONSTRUCTION OR MAINTENANCE TO OTHER PURPOSES, WITHOUT THE APPROVAL OF A MAJORITY OF THE QUALIFIED ELECTORS, OF THE STATE OR THE AFFECTED LOCAL GOVERNMENTAL ENTITY, FREELY VOTING AT THEIR ABSOLUTE UNFETTERED DISCRETION UPON THE ISSUE AT A REGULARLY SCHEDULED STATEWIDE ELECTION; PROVIDING THAT THE REDUCTION OR ELIMINATION OF EXEMPTIONS OR CREDITS, OR THE CHANGING OF ANY LAW OR RULE WHICH RESULTS IN THE COLLECTION OF ADDITIONAL REVENUE FROM SOME OR ALL TAXPAYERS, SHALL BE DEEMED A TAX INCREASE TO THE EXTENT THAT SAID LAW RESULTS IN INCREASED TAX OR EXACTION; PROVIDING THAT THE TERM" MAJORITY OF THE QUALIFIED ELECTORS" MEANS A MAJORITY OF THE QUALIFIED ELECTORS WHO ACTUALLY APPEAR AND VOTE UPON THE PERTINENT QUESTION; ABOLISHING THE RULE AGAINST RECOVERY BACK OF VOLUNTARY PAYMENTS, AS APPLIED TO ILLEGAL EXACTIONS; PROVIDING FOR A THREE (3) YEAR STATUTE OF LIMITATIONS FOR THE CITIZENS' RECOVERY BACK OF ILLEGAL EXACTIONS, AND FOR A THREE (3) YEAR STATUTE OF LIMITATIONS ON ALL CIVIL, CRIMINAL, OR OTHER ACTIONS BY ANY STATE OR LOCAL GOVERNMENT TO COLLECT DELINQUENT TAXES; PROVIDING THAT IN ANY ILLEGAL EXACTION LAWSUIT, ALL PERSONS SIMILARLY SITUATED TO THE NAMED PLAINTIFF SHALL BE ENTITLED TO RECOVER BACK ANY SUMS FOUND TO HAVE BEEN ILLEGALLY EXACTED, LESS COSTS AND REASONABLE ATTORNEY'S FEES; PROSCRIBING THE PUNISHMENT OF TAXPAYERS FOR THE REFUSAL TO PAY ANY TAX DECLARED BY ANY COURT OF RECORD OF THIS TO BE VOLUNTARY, UNLESS THE ARKANSAS SUPREME COURT SUBSEQUENTLY RULES THAT THE PAYMENT OF ALL SUCH TAX IS AS A MATTER OF LAW INVOLUNTARY, PRIOR TO THE DUE DATE FOR THE TAX; DEFINING ILLEGAL EXACTION TO INCLUDE ILLEGAL, ERRONEOUS, OR EXCESSIVE IMPOSITION, LEVYING, ASSESSMENT, OR COLLECTION OF TAX OR ENFORCED GOVERNMENTAL OR QUASI GOVERNMENTAL EXACTIONS OF ANY KIND WHATSOEVER, PROVIDED, HOWEVER, THAT SUCH SHALL NOT INCLUDE ANY LEGAL TAX IF THE TAXING AUTHORITY REASONABLY ATTEMPTED TO COMPLY WITH ALL LAWS, REGULATIONS, AND REQUIREMENTS FOR THE ASSESSMENT OR COLLECTION OF TAX, AND THE CIRCUMSTANCES ARE SUCH THAT THE TAXPAYERS IN FAIRNESS AND EQUITY OUGHT NOT TO ESCAPE LIABILITY FOR THE TAX; PROVIDING THAT SOVEREIGN IMMUNITY, FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, FAILURE TO APPROPRIATE MONEY FOR REPAYMENT, OR PAYMENT OVER TO ANOTHER ENTITY, CONSTITUTE NO DEFENSES TO AN ACTION FOR ILLEGAL EXACTION; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING PROVISIONS; PROVIDING THAT THE AMENDMENT IS SELF-EXECUTING AND SHALL TAKE EFFECT IMMEDIATELY, EXCEPT AS OTHERWISE PROVIDED; PROVIDING THAT ALL PROTECTIONS FOR THE TAXPAYER, RELATED TO LITIGATION, SHALL APPLY TO ALL ACTIONS BROUGHT TO JUDGMENT AFTER THE DATE OF PASSAGE OF THIS AMENDMENT; AND FOR OTHER PURPOSES.
Portions of your proposed measure were previously submitted to this office in another form, under the title "Taxpayers Bill of Rights Amendment." I rejected your proposed popular name and ballot title on several grounds, including the partisan nature of the popular name, the excessive length of the ballot title, and various ambiguities in the text of the proposed amendment.
It is my understanding that you have divided the former "Taxpayers Bill of Rights Amendment" into two separate amendments, one of which is the subject of the above-quoted ballot title currently under consideration. For the reasons set forth below, I must again reject your proposed popular name and ballot title.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject both your proposed popular name and ballot title due to several unresolved ambiguities in the text of your proposed measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b).
The ambiguities to which I refer occur in various sections of the text of your proposed amendment, and include, but are not necessarily limited to the following:
 (1) The first area of concern occurs in Section 1 of the proposed amendment, which purports to abolish all state and local sales and use taxes on used goods. The parameters of this abolition are unclear. Will it apply to such taxes that are already due and owing at such time as the amendment becomes effective? If so, what is the proposed means of satisfying any interests secured by those taxes, or other contractual or legal interests in the proceeds thereof which may have already accrued by law?
 (2) The second ambiguity is one that I previously pointed out in analyzing your proposed "Taxpayers Bill of Rights Amendment," and occurs in the statute of limitations provisions that are set forth in Section 3 of this proposed amendment. These provisions do not state a limitation period for state actions to recover unpaid taxes. Moreover, the statement of the three-year limitation period for taxpayer actions is unclear. In particular (as previously noted), it is unclear what is meant by a statute of limitations that is" three years from the filing of suit . . ."
 (3) A third ambiguity is also one that I previously noted in your proposed "Taxpayers Bill of Rights Amendment." It is the lack of clarity concerning the prohibition against punishment for the non-payment of taxes the payment of which has been declared "voluntary" by the Arkansas Supreme Court. It is impossible to determine from the language of this section of the proposed amendment the facts to which the provision will apply and the effect that it is intended to have.
I reiterate that the foregoing discussion of potential problems in the text of your proposed amendment is not intended to be exhaustive. But in any event, the failure of the proposed amendment to address the foregoing items adequately is misleading and could lead a court to conclude that the title omits "essential facts" which would give the voter "serious ground for reflection." Bailey v. McCuen, supra. I am reluctant, however, to interject my own interpretation of your measure on these points into a ballot title or popular name given my uncertainty as to the precise underlying assumptions. These questions must be addressed in your measure and ballot title.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal. At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen,303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed amendment, along with a new proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General